RECEIVED
IN CLERK'S OFFICE
NOV 19 2012
U.S. DISTRICT COURT
MID. DIST. TENN.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

STEPHEN SAMPLES and DENISE SAMPLES,

    Plaintiffs,

v.

NATIONAL FINANCIAL GROUP, INC., d/b/a THE RESOLUTION GROUP,

    Defendant.

Civil Action No. 3:12-1199

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs, Stephen and Denise Samples ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Tennessee, County of

-1-

Rutherford, and City of Smyrna.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, National Financial Group, Inc., d/b/a The Resolution Group ("Defendant"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Direct Buy membership for the opportunity to purchase consumer goods such as fixtures and appliances.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiffs' residence on September 19, 2012 at 1:32 P.M., and left the following voicemail message:

> "Hi, this message is for Stephen or Denise Samples. Please call Ms. Smith from the Resolution Group regarding your date of finance, Direct Buy, as to the account, my phone number is 888-388-8401. Again the number is 888-388-8401. Thank you."

12. In its September 19, 2012 voicemail message, Defendant failed to notify Plaintiffs that the communication was from a debt collector.

13. In failing to disclose that the communication was from a debt collector, Defendant failed to meaningfully disclose its identity to Plaintiffs.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1692d(6)

14. Plaintiffs repeat and re-allege each and every allegation above.

15. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF 15 U.S.C. § 1692e(11)

16. Plaintiffs repeat and re-allege each and every allegation above.

17. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

18.   Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: 11-14-2012 , 2012

        Respectfully submitted,

        Stephen and Denise Samples

        By: _____
        Paul K. Guibao
        Attorney for Plaintiffs
        Weisberg & Meyers, LLC
        1448 Madison Avenue
        Memphis, TN 38104
        Telephone: (602) 445 9819
        Facsimile: (866) 565 1327
        Email: PGuibao@AttorneysForConsumers.com

**Please send correspondence to the address below**

        Paul K. Guibao
        Weisberg & Meyers, LLC
        Attorneys for Plaintiffs
        5025 N. Central Ave. #602
        Phoenix, AZ 85012