UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---------------------------------------------------------

STEPHEN SAMPLES and DENISE SAMPLES,

      Plaintiffs,

v.                                     Civil Action No. 3:12-cv-01199

NATIONAL FINANCIAL GROUP, INC.,
d/b/a THE RESOLUTION GROUP,

      Defendant.

---------------------------------------------------------

## INITIAL CASE MANAGEMENT ORDER

**I.**   **Jurisdiction and Venue** This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, The Plaintiff alleges that the Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. The Defendant disputes that the FDCPA is applicable and therefore denies the alleged basis for the Court's jurisdiction. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the alleged acts giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and/or where Defendant transacts business in this district.

II. **Parties' Theories of the case**

   1. **Plaintiffs' Theory of the Case**

   In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiffs' residence on September 19, 2012 at 1:32 P.M., and left the following voicemail message:

   > "Hi, this message is for Stephen or Denise Samples. Please call Ms. Smith from the Resolution Group regarding your date of finance, Direct Buy, as to the account, my phone number is 888-388-8401. Again the number is 888-388-8401. Thank you."

   In its September 19, 2012 voicemail message, Defendant failed to notify Plaintiffs that the communication was from a debt collector. In failing to disclose that the communication was from a debt collector, Defendant failed to meaningfully disclose its identity to Plaintiffs. Plaintiffs contend that Defendant's conduct as described violated the FDCPA at §§ 1692(6), and 1692e(11).

III. **Defendant's Theory of the Case**

   The Resolution Group is a separate division of National Financial Group, Inc. The Resolution Group only attempts to collect active accounts that are not in default. At the time of The Resolution Group's communications with Plaintiffs, Plaintiffs' account was not in default. The Resolution Group's September 18, 2012, written correspondence to Plaintiffs clearly stated that Plaintiffs' account

was not in default and that Plaintiffs could have their membership benefits reinstated by bringing their account current. The Resolution Group's September 19, 2012, voicemail message stated that the call was regarding Plaintiffs' "Beta Finance, Direct Buy, active account." Accordingly, The Resolution Group is not a "debt collector" as defined under FDCPA and is therefore not subject to FDCPA liability.

**IV.     Schedule of Pretrial Proceedings**

    A.  **Rule 26(a)(1) Disclosure**

The parties shall exchange their Rule 26 (a)(1)(A) through (E) disclosures by February 15, 2013.

    **B. Meeting of Counsel and parties to Discuss Settlement Prospects**

..
.
.
.
.
.
.
.

### C. Other Pretrial Discovery Matters

The target jury trial is February 4, 2014, and is expected to last 1-2 days.

.

.

.

.

.

.

All discovery shall be completed on or before **September 6, 2013**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **August 30, 2013**. All discovery related motions shall be filed on or before September 13**, 2013**. No motion related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions shall be filed on or before **October 4, 2013**, and any response thereto shall be filed on or before **October 25, 2013**. Any reply shall be filed on or before **November 4, 2013**.

The deadline to file Motions to Amend the Pleadings is May 29, 2013.

.

.

.

.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number.

.

On or before **June 19, 2013**, the plaintiffs shall declare to the defendant (<u>not</u> to file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

On or before **July 31, 2013**, the defendants shall declare to the plaintiffs (<u>not</u> to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed on or before **August 6, 2013**. There shall not be any rebuttal expert witnesses.

It is so **ORDERED**

**ENTERED** this the ____ day of _____, 2013.

_____
Hon. E. Clifton Knowles
United States Magistrate Judge